THOMASSON *v.* CHICAGO, ROCK ISLAND & PACIFIC RY. CO.

4-6491                                        157 S. W. 2d 7

Opinion delivered November 24, 1941.

*James H. Nobles, Jr.,* and *J. R. Wilson,* for appellant.

*Thos. S. Buzbee* and *H. T. Harrison,* for appellee.

HUMPHREYS, J. This suit was brought by appellant against appellee in the circuit court of Calhoun county

to recover damages in the sum of $3,000 for injuries to his automobile and himself in a collision occurring between the automobile and appellee's train at the highway and railroad crossing in the town of Harrell, Arkansas.

The complaint was filed on the 24th day of January, 1940, and sets out fully and *in extenso* all the facts connected with the collision, charges of negligence on the part of appellee and the injury to appellant's automobile and himself and the extent thereof.

Omitting the caption, the complaint and the prayer thereof are as follows:

### I.

"That he is and was at all times hereinafter mentioned a resident and citizen of Calhoun county, Arkansas.

"The defendant is and was at all times hereinafter mentioned a railroad corporation, duly organized under and by virtue of the laws of the state of Illinois, owning and engaged in the operation of the line of railway in and through the states of Illinois, Arkansas and other states, over which it is engaged in operating freight and passenger trains, carrying freight and passengers for hire. A portion of the line of railway owned and operated by the defendant did and does extend through Harrell and other points in Calhoun county, Arkansas.

### II.

"Plaintiff states that on the 20th day of September, 1939, and at all times mentioned herein there was and is a certain street and highway, known as Arkansas State Highway No. 4, extending in an easterly and westerly direction through the main business part of said town of Harrell, Arkansas, and that said street and highway, at all dates herein mentioned, at a point within the limits of the said town of Harrell, was and is crossed, at grade, by defendant's said line of railroad and railroad tracks which extend in a general northwesterly and southeasterly direction through said town of Harrell, and which said street and highway is surfaced with blacktop, a dark slab extending across said town and over said railroad.

"That at all times herein mentioned said street and highway, at and near the said street and highway crossing, was and is extensively used for traffic, both day and night, by all kinds of vehicles, including motor vehicles as well as pedestrians, all of which defendant has at all times well known.

"That on the 20th day of September, 1939, at about the hour of midnight while it was very dark defendant, while operating its said line of railroad, had placed and left standing upon and along said railroad track and over and upon said street and highway, a train of freight cars, consisting of dark colored cars, and then and there wrongfully, carelessly and negligently permitted said train to remain standing continuously upon said street crossing for a period of more than thirty minutes, so that said street and highway was completely obstructed and blocked to all traffic on said street and over said crossing, all of which defendant at all times then and there well knew.

"That while said street and highway crossing was so obstructed by defendant and been by it so obstructed continuously for more than thirty minutes as aforesaid and next before the time of the collision complained of herein, plaintiff, Otto Thomasson, not having any knowledge or information that said crossing was obstructed, was then and there in the act of driving and operating an automobile, in an easterly direction, along and upon said street and highway and approaching said street and highway crossing, and in so doing was in the exercise of due and proper care on his part, and had no warning or signal of any kind of said obstruction of said street crossing so caused by defendant, and, by reason of the darkness of the night, the color of the highway, the dark color, condition and location of defendant's said cars so obstructing said crossing, could not by the exercise of proper care on his part, and did not discover defendant's said cars so obstructing said crossing until the said automobile, which plaintiff was driving, was too close to the defendant's said train of cars so obstructing, to avoid collision therewith, and the said automobile, then and there being driven by plaintiff, came violently and

forcibly in collision with defendant's said train of cars then and there standing upon and obstructing said street and highway crossing, and that by reason of such collision said automobile was completely wrecked, and plaintiff, Otto Thomasson, received the injuries hereinafter mentioned and sued for.

"Plaintiff states that said collision and plaintiff's injuries so resulting were caused by and were the direct and immediate result of the several wrongful, unlawful, careless and negligent acts and conduct of defendant, its agents, servants, and employees as follows:

"First: The defendant, its agents, servants and employees, at the time and place aforesaid, wrongfully, unlawfully, carelessly and negligently failed to give any warning whatever by flagman, watchman, signal light or other device of the presence of said train of cars so standing upon and obstructing said crossing, or clear said crossing, as was its duty to do.

"Second: That defendant, its agents, servants and employees, then and there in charge and management of its railroad and train of cars at the time and place aforesaid, for a period of more than thirty minutes continuously and next before the time of said collision, wrongfully, unlawfully, carelessly and negligently permitted its said train of cars to stand upon and obstruct said street and highway crossing, thereby obstructing the traffic on said street and highway and over said crossing.

"Third: That at all times herein mentioned and for many years next prior to the 20th day of September, 1939, the defendant well knew that said street crossing, at all times, both day and night, was extensively used for travel by persons driving motor vehicles and otherwise, and defendant at all times well knew of the danger and peril to travelers on said street, incident to and caused by the obstruction of said street crossing by defendant's train of cars, and well knew that, in the exercise of ordinary care on its part, it was necessary to have at said street crossing a watchman, guard, signal light or other device to warn travelers, on said street and highway, of the said obstruction on said crossing and of the dangers caused thereby, yet, notwithstanding such

knowledge on defendant's part, the defendants, its agents, servants and employees, at the time and place aforesaid, wrongfully, unlawfully, carelessly and negligently permitted said train of cars to stand and remain upon said street crossing for a period of more than thirty minutes continuously next before the time of the collision complained of herein, and thereby completely obstructing said crossing for such period of time, so that said crossing could not be used by travelers on said street and highway, without having any watchman, guard, signal light or other device to warn the plaintiff and other users of said street and highway, of the danger and peril so caused by such obstruction; and without cutting said train or making other provision for the safe passage of travelers over said street and highway crossing.

"Fourth: That at the time plaintiff was so approaching said street crossing as aforesaid and was about to use the same, the defendant, its agents, servants and employees knew or by the exercise of ordinary care on their part, could have known that plaintiff was so approaching and about to use said street and highway crossing while it was so obstructed by defendant's said train of cars, and knew of the danger and peril, or by the exercise of ordinary care on their part, could and would have known of the danger and peril to which plaintiff was subjected, in time, so that, by the exercise of ordinary care on their part, they could have given proper warning to plaintiff of said obstruction and the danger and peril incident thereto, and thereby avoided the said collision and injury to plaintiff, but that, notwithstanding said knowledge, the defendant, its agents, servants and employees then and there wrongfully, unlawfully, carelessly and negligently permitted said train of cars to remain standing upon said street and highway crossing and obstructing the same as aforesaid continuously for a period of more than thirty minutes next before the time of such collision without giving any warning whatever, or providing other means to prevent the injuries to plaintiff.

"Plaintiff states that by reason of said collision, plaintiff was then and there with great force and violence

thrown against the said automobile and parts thereof, his body, head, face, arms, back, chest and lungs were by said collision severely jammed, crushed, wrenched, twisted, strained, cut, bruised, wounded and made sore and lame, his nervous system was severely shocked, he received severe physical and mental shock and was thereby dazed, his lungs and other internal organs were injured, he thereby received deep cuts, bruises and wounds on his face and his jaw was broken in three places and several of his teeth knocked out, his face mutilated and cut to bits by glass.

"Plaintiff was immediately taken to Dr. Atkinson in Hampton, where he received first aid by the administration of drugs to ease the intense pain. Dr. Atkinson brought plaintiff to El Dorado, and placed him in the hospital. He was treated by physicians there until his condition was thought to be sufficient that he could be discharged from the hospital, and then remained under the supervision of physicians and under the constant treatment of a dentist for some time thereafter. During all of this time plaintiff suffered great pain of body and anguish of mind, and continues to so suffer. His face has been greatly disfigured in all that part of his anatomy in and about the mouth and jaw.

### III.

"The plaintiff alleges that at the time he sustained the injuries herein described he was in good health and sound physical condition, and for some years had been engaged in profitable labor for which he received adequate remuneration. For some time he had been working at a filling station in the town of Harrell, Calhoun county, Arkansas, and his earnings while engaged in that employment amounted to $1.50 per day.

"Plaintiff was 28 years of age at the time he was injured, and had an expectancy of 36.73 years, and, as a result of the injuries, loss of earnings, disfigurement of person, pain endured and to be endured he has been damaged in the sum of $2,000.

"Plaintiff's medical expense, hospital bills and nurse hire amounted to $150. His automobile was completely

demolished, and he was damaged on that account in the sum of $100.

"By reason of the bodily pain and suffering and mental anguish experienced on account of the injuries aforesaid plaintiff has been damaged in the additional sum of $750.

"As a result of the injuries, loss of earnings, diminished earning capacity, disfigurement of person, pain and suffering, and the complete destruction of his Dodge coupe, the plaintiff has been damaged in the total sum of $3,000.

"Wherefore, plaintiff prays judgment against the defendant in the sum of $3,000, and all costs herein expended."

Appellee filed a demurrer to the complaint as follows:

"The defendants, The Chicago, Rock Island & Pacific Railway Company, *et al.*, demur to the plaintiff's complaint in the above case for the reason that the allegations of the complaint are insufficient to state a cause of action against these defendants.

"Wherefore, defendants pray that the complaint be dismissed and that they be hence discharged with their costs."

Upon a hearing of the demurrer the court rendered the following judgment: "On this day this cause coming on for hearing, the same is submitted to the court on the complaint of the plaintiff, and the demurrer of the defendant thereto, and the court being well and sufficiently advised as to the law arising herein, doth sustain said demurrer to which action of the court the plaintiff at the time excepted and asked that his exceptions be noted of record, which is hereby done; and the plaintiff refusing to plead further and electing to stand upon his complaint, it is by the court ordered and adjudged, that the plaintiff's cause of action be and the same is hereby dismissed; that the defendants have and recover of and from the plaintiff, all of its costs in this action expended, for which execution may issue." This appeal is from such judgment.

The only question arising on the appeal is whether the complaint states a cause of action. The trial court ruled that it did not, and appellant refusing to plead further the court dismissed the alleged cause of action.

A majority of the court are of the opinion that the proximate cause of the collision and injury to appellant and his automobile was the inattention of appellant in driving his automobile into the standing train of cars. They have concluded that the instant case is ruled by the cases of *Mo. Pac. Rd. Co., et al.* v. *Powell, et al.*, 196 Ark. 834, 120 S. W. 2d 349, and *Fleming, Admr.*, v. *M. & N. A. Ry. Co.*, 198 Ark. 290, 128 S. W. 2d 986.

No error appearing, the judgment is affirmed.